NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK LAVER, | : | |
| Plaintiff, | : | Civil Action No. 15-3761 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Mark Laver ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 6, 2012. A hearing was held before ALJ Patrick Kilgannon (the "ALJ") on June 27, 2013, and the ALJ issued an unfavorable decision on July 26, 2013, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of July 26, 2013, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to perform the full range of light work, with certain limitations.  At step four, the ALJ also found that Plaintiff had no past relevant work.  At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the step three analysis is not amenable to judicial review; and 2) the residual functional capacity determination is not supported by substantial evidence.

Plaintiff contends: "The RFC for light work is not defended in the decision." (Pl.'s Opp. Br. 25.)  While not strictly correct – since the decision includes two paragraphs on the basis for the RFC determination –, this assertion is substantially correct.  At step four, the ALJ's written opinion begins with a statement of the law, briefly summarizes some medical findings, explains why the ALJ found the Plaintiff only partially credible, and then has two paragraphs that address the medical evidence that, the ALJ contends, supports the ALJ's RFC determination.  (Tr. 21.)

The first paragraph states that significant weight is given to Dr. Hoffman, who conducted a physical examination of Plaintiff.  (Id.)  The ALJ does not explain how Dr. Hoffman's findings support a residual functional capacity for light work.  The record shows that Dr. Hoffman submitted a report, dated May 3, 2012, of his examination of Plaintiff.  (Tr. 335-6.)  Dr. Hoffman's report does not address Plaintiff's ability to work.  Dr. Hoffman states a clear conclusion: he found "no evidence of any major neurological deficit." (Tr. 336.)  This finding does not contradict the ALJ's determination, but it cannot be considered substantial evidence in

2

support of a finding that Plaintiff retains the capacity to perform light work.  Neither the ALJ nor the Commissioner has explained how Dr. Hoffman's report is probative of the RFC determination.

The second paragraph states that significant weight is given to the conclusions of the medical professionals at UMDNJ.  (Tr. 21.)  The ALJ does not cite any particular piece of evidence.  Furthermore, the ALJ then states: "it is noted that none of the physicians therein offered their opinions regarding the claimant's ability to perform work related activities."  (Id.)

The ALJ thus cited only one specific piece of medical evidence in support of the RFC determination, an evaluation with the sole conclusion that there is no evidence of any major neurological deficit.  Plaintiff contends that the ALJ's residual functional capacity determination is not supported by substantial evidence, and that appears to be correct.  At step four, the ALJ cites no evidence which meets the substantial evidence standard: substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 564-65 (1988).  The evidence the ALJ cited is not sufficient to be accepted as adequate to support the ALJ's RFC determination of a capacity for light work.

The Commissioner, in opposition, argues generally that the RFC determination is supported by substantial evidence, but careful examination of the opposition brief shows that the Commissioner does not persuade that the ALJ's determination is based on substantial evidence.  The Commissioner's brief first points to Dr. Hoffman's opinion, but the Commissioner only asserts: "nothing in Dr. Hoffman's examination is inconsistent with the ALJ's RFC assessment for light work."   The Court notes that the Commissioner does *not* assert here that Dr. Hoffman's opinion constitutes substantial evidence supporting the RFC determination.

The Commissioner's brief then turns to the medical professionals at UMDNJ, cited by the ALJ, but the paragraph of discussion does not add to the ALJ's presentation. Neither the ALJ nor the Commissioner have articulated how UMDNJ provided particular, relevant, and substantial evidence on which the ALJ relied in making the RFC determination.

The next paragraph in the Commissioner's brief makes an argument that clearly is contrary to Third Circuit law:

> The ALJ's RFC assessment appears to be premised on Dr. Jacknin's and Dr. Nicastro's opinions. Although the ALJ did not specifically reference these medical opinions in the decision, the ALJ's RFC assessment is consistent with these opinions. . .

(Def.'s Opp. Br. 6.) The Commissioner thus concedes that the ALJ made no reference to Drs. Jacknin or Nicastro, but urges this Court to consider this evidence as substantial evidence in support. Third Circuit law on this issue is very clear: this Court may not consider evidence not mentioned by the ALJ. In Fargnoli v. Halter, 247 F.3d 34, 44 n.7 (3d Cir. 2001), the Third Circuit vacated the district court's affirmance of the ALJ's decision and ordered a remand, holding as follows:

> The District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ. This runs counter to the teaching of *SEC v. Chenery Corporation,* 318 U.S. 80, 87 L. Ed. 626, 63 S. Ct. 454 (1943), that "the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."

The Commissioner here invites this Court to consider evidence not cited by the ALJ.[1] This is not

---

[1] The Commissioner acknowledges Third Circuit law in stating: "The Court may not re-weigh the evidence or substitute its conclusions for those of the ALJ." (Def.'s Opp. Br. 4.) And yet, the Commissioner asks this Court to re-weigh the evidence by relying on the uncited opinions of Drs. Jacknin or Nicastro and to substitute a better-supported determination for the

permissible under Fargnoli.

Examination of the ALJ's analysis at step four shows that the ALJ did not cite to any evidence in support of the RFC determination that meets the substantial evidence standard. This Court concludes that the ALJ's RFC determination – that Plaintiff retains the residual functional capacity to perform light work – is not supported by substantial evidence.

For the foregoing reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 25, 2016

---

ALJ's deficient one.